UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MARGARITO NUNEZ,
    Petitioner

Vs.

UNITED STATES OF AMERICA,
    Respondent.

CASE NO. CR 04-1501-SJO

CV'16-04601-SJO

PETITION FOR WRIT OF HABEAS CORPUS
(28 U.S.C. §§ 2241 AND/OR 2255)

    COMES NOW, Margarito Nunez (hereinafter "Petitioner"), Pro se, and hereby respectfully moves this court to grant this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 or § 2255, in light of the United States Supreme Court decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 569 (2015), which was made retroactive by Welch v. United States, No. 15-6418, 2016 LEXIS 2451 (2016).

    Petitioner prays this motion be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519 (1972).

## I. JURISDICTION

    Petitioner seeks relief from a sentence imposed by this Honorable Court on October 11, 2005. This petition is brought under 28 U.S.C. § 2241 and/or § 2255. This court has jurisdiction to consider whether Johnson v. United States, which held that the residual clause of the Armed Career Criminal Act of 1984 was void for vagueness, applied to Petitioner's conviction for "Carry Firearm During Drug Trafficking Crime," under 18 U.S.C. § 924(c).

1

## II. STATEMENT OF THE CASE

On October 11, 2005, Petitioner was found guilty on three count charge of Conspiracy to Possess With Intent to Distribute Methaphetamine, 21 U.S.C. § 846; Possession With Intent to Distribute Methaphetamine, 21 U.S.C. § 841(a)(1); and Carry Firearm During Drug Trafficking Crime, 18 U.S.C. § 924(c). Petitioner was sentenced to 130 months for the drug offenses, which was later reduced to 121 months pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the Drug Quantity Table. Petitioner was also sentenced to a consecutive prison term of 60 months for the Firearms offense.

Petitioner who is currently serving the terms of his imprisonment at Moshannon Valley Correctional Center, Philipsburg, Pennsylvania, hereby moves the to set aside and correct in light of <u>Johnson</u>.

## III. GROUNDS FOR RELIEF

Petitioner's conviction for firearms offense under 18 U.S.C. § 924(c) (Count three) does not, post-<u>Johnson</u>, qualify as a "crime of violence." Therefore, Petitioner is now innocent of the § 924(c) offense, and his conviction is void.

The relevant portion of § 924(c) defining a "crime of violence" has two clauses: the force and residual clauses. The residual clause is materially indistinguishable from the Armed Career Criminal Act ("ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii), which the Supreme Court in <u>Johnson</u> struck down as void for vagueness. It follows that § 924(c) residual clause is likewise unconstitutionally vague. There is an argument that conspiracy to possess, and possession with intent to distribute methaphetamine does not meet the defi-

2

nition of a crime of violence because it does not necessarily include force against the person. An element of § 924(c) is use of a firearm "during a crime of violence." If conspiracy to possess and possession with intent to distribute methaphetamine is not a crime of violence, then d**uring** a "crime of violence" element of Petitioner's conviction under § 924(c) fails and cannot be constitutionally sustained under the statute.

As a result, Petitioner's § 924(c) conviction (1) violates due process, (2) violates the laws of the United States, and results in a fundamental miscarriage of justice, and (3) was entered in excess of this court's jurisdiction. Therefore, Petitioner is entitled to relief under 28 U.S.C. §§ 2241 or 2255.

Petitioner's petition is timely because he filed it within one year of the Supreme Court's decision in <u>Johnson</u>, a ruling which established a "newly recognized" right that is retroactively applicable here under <u>Welch</u>.

In sum, Petitioner respectfully requests that this court grant his motion, and set aside and correct his conviction for a "crime of violence" under § 924(c). Also, due to Petitioner's status as a layman of the law, he could not fully brief the issues presented and respectfully requests the court to appoint counsel on his behalf, if necessary.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Petitioner Margarito Nunez respectfully prays the Honorable Court to grant this petition.

Dated: This 20th day of June, 2016.

Respectfully Submitted:

*MARGARITO NUNEZ*
Margarito Nunez,
Petitioner, Pro se,
Reg. No. 30547-112
Moshannon Valley Corr. Center
555 Geo Drive,
Philipsburg, PA 16866

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of June, 2016, a copy of the foregoing motion was mailed, postage fully prepaid to the United States Attorney for the Central District of California at the below-listed address:

>United States Attorney
>Central District of California
>312 North Spring Street,
>Los Angeles, CA 90012

*MARGARITO NUNEZ*                                              06-20-2016
Margariton Nunez,                                                  Date
Petitioner, Pro se,
Reg. No. 30547-112
Moshannon Valley Corr. Center
555 Geo Drive,
Philipsburg, PA 16866

4

Margarito Nunez
Reg. No. 30547-112
Moshannon Valley Corr. Center
555 Geo Drive,
Philipsburg, PA 16866

The Clerk of the Court
United States District Court
Central District of California
312 North Spring Street
Los Angeles, CA 90012